# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MELVIN GOLDBLATT, JOAN LAZEROW,** : | |
| **MARK FETCHER, GLORIA JOHNSTON,** : | |
| **and DOUGLAS C. ANTUPIT,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | **3:11CV334 (WWE)** |
| : | |
| : | |
| **NATIONAL CREDIT UNION** : | |
| **ADMINISTRATION,** : | |
| : | |
| **Defendant.** : | |

## MEMORANDUM OF DECISION ON PENDING MOTIONS

This action stems from the wind-up of New London Security Federal Credit Union ("New London Security") after it was declared insolvent and taken over by the National Credit Union Administration ("NCUA"). Plaintiffs Melvin Goldblatt, Joan Lazerow, Mark Fetcher, Gloria Johnston, and Douglas C. Antupit are former member investors of New London Security, and defendant National Credit Union Administration ("NCUA") has now assumed the role as the defunct credit union's liquidating agent.

Plaintiffs bring this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. They assert that defendant NCUA was negligent in its regulation of New London Security. Defendant has moved to dismiss the action based on the statute of limitations, and plaintiffs have moved to consolidate this action with the pending case, National Credit Union Admin. Bd. v. Wells Fargo Advisors LLC, 3:10cv143 (WWE).

## **FACTUAL BACKGROUND**

The complaint alleges the following factual background. For purposes of ruling on this motion, the Court accepts all facts stated in the complaint as true.

In March 1988, Edwin Rachleff, as an investment broker and financial advisor of A.G. Edwards, represented to New London Security that he was opening an account at A.G. Edwards with New London Security member investor funds, including funds invested by plaintiffs, on behalf of New London Security.

Between April 1988 and July 2008, New London Security received monthly account statements from A.G. Edwards detailing its investments, including the value of its investments and portfolio.

In July 2008, it was discovered that the investment account in the name of New London Security was non-existent at Wachovia, the successor to A.G. Edwards. Rachleff had never opened such account on behalf of New London Security; instead, he had opened an account under the name Elmore Shoe Company, which was the defunct company formerly owned by Rachleff's wife and family. After his fraud was revealed, Rachleff committed suicide.

Subsequently, New London Security was placed into involuntary liquidation, and the NCUA has served as the defunct credit union's liquidating agent.

In its role as liquidating agent for New London Security, the NCUA paid all New London depositors, including the named plaintiffs, the balance in their accounts up to the federal deposit insurance limit at the time, which amount was $100,000. NCUA provided each depositor with account balances over the federal insurance limit a "Certificate for Claim in Liquidation for Uninsured Shares" for the balance of their

accounts.  Pursuant to its statutory authority, the NCUA began an action for damages against New London's investment advisors and Rachleff's Estate to recoup additional uninsured losses. See National Credit Union Admin. Bd. v. Wells Fargo Advisors LLC, 3:10cv143 (WWE).

On February 17, 2010, the NCUA received administrative claims from each named plaintiff seeking the amount of the uninsured losses resulting from Rachleff's fraudulent actions and New London's liquidation.  The plaintiffs' claims asserted that the NCUA was negligent in carrying out its regulatory responsibilities and oversight of New London Security from 1988 through July 2008.

On June 10, 2010, plaintiffs filed a complaint in federal district court against Wells Fargo and other entities allegedly involved with New London Security's failure, insolvency and liquidation.  Plaintiffs alleged claims of negligence, breach of fiduciary duties, legal malpractice and violation of the Connecticut Unfair Trade Practices Act.

On August 11, 2010, the NCUA denied plaintiffs' administrative claims.  The NCUA's denial letter was received on August 16, 2010.

On August 17, 2010, plaintiffs sought leave to amend their complaint to add the NCUA as a party-defendant and to add a cause of action against it for negligence in its role as a regulator pursuant to the FTCA.  The NCUA also sought to be substituted as the plaintiff in the litigation due to its statutory prerogative to succeed in interest to all rights, titles, powers and privileges of credit unions and any member or account holder thereof.

In a ruling dated February 1, 2011, the district court granted the NCUA's motion to be substituted as the plaintiff and consolidated the case with NUCA's action filed

against Wells Fargo and other entities.  The Court also denied plaintiffs' request to amend the complaint on the basis that such claim would be more properly brought as a separate action.

On March 3, 2011, plaintiffs filed this action against NCUA.

## **DISCUSSION**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it."  2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the party asserting such jurisdiction.  See Thomson v. Gaskill, 315 U.S. 442, 446 (1942).

In considering a motion to dismiss for failure to state a claim, the Court must "assess the legal feasibility of the complaint," rather than "assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).   The Court must also accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

<u>Lack of Subject Matter Jurisdiction</u>

Defendant argues that the Court cannot assert subject matter jurisdiction because plaintiffs' action does not satisfy the conditions of the United States' waiver of immunity.

The FTCA constitutes a limited waiver by the United States of its sovereign immunity for certain torts.  <u>Millares-Guiraldes de Tineo v. United States</u>, 137 F.3d 715, 719 (2d Cir. 1998).  To bring a claim under the FTCA, a plaintiff must comply with the prerequisites to suit.  <u>Johnson v. Smithsonian Inst.</u>, 189 F.3d 180, 189 (2d Cir. 1999).  The limitations provision of Section 2401(b) provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

The Second Circuit has interpreted Section 2401(b) as imposing two separate time restrictions on claims, both of which must be complied with by potential FTCA plaintiffs.  <u>Willis v. U.S.</u>, 719 F.2d 608 (2d Cir. 1983).   A district court must dismiss a claim under the FTCA if it was filed before the claim was denied by the federal agency.  <u>MacNeil v. U.S.</u>, 508 U.S. 106, 113 (1993).

Plaintiffs presented their administrative claims to the appropriate agency within two years of the date their claims accrued.  Plaintiffs had until February 11, 2011, six months from the mailing date of the denial notice, to file their district court action related to that denial.  Plaintiffs filed the instant action on March 3, 2011.

Plaintiffs argue that their filing of the motion to amend in the prior action against Wells Fargo and others allegedly involved in the demise and liquidation of New London

Security represents commencement of the action.  However, plaintiffs' motion to amend the prior filed complaint against Wells Fargo does not constitute commencement of an action against the NCUA.   If this Court had granted the leave to amend the complaint to add the action against the NCUA, the timeliness of plaintiffs' NCUA action would have been considered in light of the strict requirements of Section 2401(b).  Plaintiffs' action would have related back to the original pleading, which was filed prior to the denial of the administrative claim.  Fed. R. Civ. P. 15 ("An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading;").  Accordingly, plaintiffs' claim would have been untimely and would have been dismissed pursuant to MacNeil.

 In support of their position, plaintiffs advance precedent in which the motion to amend was granted.  See Northwestern National Insurance Co. Of Milwaukee, Wis. v. Alberts, 769 F. Supp. 498, 510 (S.D.N.Y. 1991); Deridiarian v. Futterman Corp., 36 F.R.D. 192, 194 (S.D.N.Y. 1964) ("filing of the motion with the proposed amended complaint with this court, well before May 1, 1964, was commencement of the action against Van Alstyne under Rule 3, Fed. R. Civ. P., so long as there was service without undue delay on Van Alstyne after the order allowing the amended complaint to be filed was signed.").

In this instance, the motion to amend was denied and therefore filing such motion does not toll the Section 2401(b)'s limitation period.  See McGregor v. United States, 933 F.2d 156, 161-162 (2d Cir. 1991) (FTCA's limitations period was not tolled after court dismissed plaintiff's earlier complaint for failure to serve process).

Plaintiffs request that the doctrine of equitable tolling apply to toll the statute of limitations. Equitable tolling is appropriate in rare and exceptional circumstances. Zerilli-Edelglass v. New York City Transit. Auth., 333 F.3d 74, 80 (2d Cir. 2003). To establish that equitable tolling is appropriate, a plaintiff must show (1) diligent pursuit of his or her rights, and (2) some extraordinary circumstance prevented him or her from filing the action. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In this instance, plaintiffs maintain that they were prevented from filing this action while their motion to amend in the other case was pending. However, plaintiffs had ten days after the Court's denial of the motion to amend to file their separate action against the NCUA. Plaintiffs have not shown any extraordinary circumstances that prevented them from timely commencing this action. The motion to dismiss will be granted.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #8] is GRANTED and the motion to consolidate [doc. #9] is MOOT.

The clerk is instructed to close this case.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge

Dated this _14th__ day of September 2011 in Bridgeport, Connecticut.